Paramount Med. Group, P.C. v Allstate Ins. Co.

2026 NY Slip Op 50812(U)

May 22, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Unclassified

Paramount Medical Group, P.C., as Assignee of Jainan Singh, Appellant,

v

Allstate Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 22, 2026

2025-1319 Q C

Present: : ChereÉ A. Buggs, J.P., Wavny Toussaint, Karen Lin, JJ

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Merani Kamara Law Group (Peter C. Merani and Samuel A. Kamara of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ira R. Greenberg, J.), dated July 8, 2025. The order, insofar as appealed from, granted the branch of defendant's motion seeking to vacate a judgment in favor of plaintiff entered June 7, 2023 pursuant to a default under a settlement.

[*1]

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of defendant's motion seeking to vacate the June 7, 2023 judgment is denied.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court (Ira R. Greenberg, J.) dated July 8, 2025 as granted the branch of defendant's motion seeking to vacate a judgment in favor of plaintiff entered June 7, 2023 pursuant to a default under a settlement (see CPLR 5003-a [e]).

On appeal, plaintiff correctly argues that the Civil Court should not have granted defendant's motion on the basis of plaintiff's failure to prove that it had tendered a duly executed release and stipulation discontinuing the action pursuant to CPLR 5003-a (a), since defendant did not demonstrate, prima facie, that it had not received a release or stipulation of discontinuance as was its burden upon its motion (see Biofeedback & Psychological Servs. v Country-Wide Ins. Co., ___ Misc 3d ___, 2026 NY Slip Op 50685[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Berenblit v Country Wide Ins. Co., ___ Misc 3d ___, 2026 NY Slip Op 50683[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Medtech Med. Supply, Inc. v Country-Wide Ins. Co., 74 Misc 3d 137[A], 2022 NY Slip Op 50304[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Consequently, contrary to the Civil Court's determination, plaintiff did not need to establish that it had tendered the foregoing documents in opposition to the motion (see Berenblit v Country Wide Ins. Co., 2026 NY Slip Op 50683[U]).

Defendant's remaining arguments for vacating the judgment lack merit (see e.g. Berenblit [*2]v Country Wide Ins. Co., 2026 NY Slip Op 50683[U]; Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op 50918[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).

Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's motion seeking to vacate the June 7, 2023 judgment is denied.

BUGGS, J.P., TOUSSAINT and LIN, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 22, 2026